UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TERRY HOLMES** | : | **CIVIL ACTION NO. 2:12-cv-1304** |
| | : | **SECTION P** |
| **VERSUS** | | |
| | : | **JUDGE TRIMBLE** |
| **TODD S. CLEMONS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Terry Holmes, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983[1] on May 21, 2012. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the Federal Correctional Institute, Oakdale (FCIO). Plaintiff names his former attorneys, Todd S. Clemons, and Leah White[2] as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE**.

---

[1] Although plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, the complaint suggests that plaintiff considers defendants to be federal actors due to their involvement in his federal criminal trial. Thus, this matter properly arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983.

[2] In his initial complaint [doc.1] filed on May 21, 2012, which the court deemed deficient for failure to submit on an approved form, plaintiff named Ms. White as a defendant. Plaintiff, however, does not state when or how she was involved in his representation. In his subsequent complaint [doc. 5] submitted on June 29, 2012, plaintiff does not name Ms. White as a defendant. Insofar as plaintiff has set forth no claim against Ms. White she is not discussed in the remainder of this opinion.

*Statement of the Case*

The record shows that defendant Todd S. Clemons filed a motion to enroll as counsel of record for plaintiff on September 28, 2010[3].  Doc. 65.  In August of 2011, after a trial by jury, plaintiff was found guilty of multiple drug and firearms counts.  On February 27, 2012, he was sentenced to 188 months incarceration.  Doc. 210.  On March 6, 2012, Mr. Clemons filed a motion to withdraw as counsel [doc. 217] which motion was granted on March 8, 2012.  Doc. 218.

Plaintiff claims that his Sixth Amendment right to effective assistance of counsel was violated due to defendants' "failure to investigate potential defenses before trial."  Doc. 1, p. 1.  Plaintiff also claims that defendant Clemons failed to retrieve or present certain evidence at his criminal trial, and that Clemons did not call any witnesses on his behalf.  Doc. 5, p. 5.  As a result of the above, plaintiff seeks monetary damages for mental anguish and distress caused to him and his children, punitive damages, and attorney's fees.  Doc. 5, p. 4.

*Law and Analysis*

1. *Screening*

Plaintiff has been allowed to proceed *in forma pauperis*.  Federal courts are required to screen complaints filed *in forma pauperis* and are authorized to dismiss such complaints without service of process or at any time when the court determines that the complaint is frivolous, fails to state a claim for which relief may be granted, or seeks money damages from a defendant who is immune from suit.

Title 28 U.S.C. §1915(e)(2), which authorizes plaintiff to proceed *in forma pauperis* provides:

---

[3] *USA v. Holmes*, No. 10-cr-00224 (W.D. La. filed July 29, 2010).

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> ...
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

### 2. *Plaintiff's clause of action*

Plaintiff seeks to sue the attorneys that represented him on his federal criminal charges.

In order to state a civil rights claim cognizable under *Bivens* or § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or law of the United States; and (2) the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) (noting that "[a] *Bivens* action is analogous to an action under § 1983-the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials"). Absent either element, a claim is not cognizable under either § 1983 or *Bivens*.

For a defendant to be liable to plaintiff under *Bivens*, such defendant must qualify as a federal actor. A federal officer or agent acting under color of federal law may be liable for

damages for violating the constitutional rights of another. *Bivens*, 403 U.S. at 397. Plaintiff has named no defendant in this case who is a federal officer or agent as required to establish a claim under *Bivens*.

As a general principle, appointed or retained counsel in a federal criminal case does not qualify as a federal actor for purposes of *Bivens*. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996) (holding that private attorneys and appointed attorneys do not qualify as state actors and generally are not subject to suit under section 1983); *McLeod v. Knowles*, 2006 WL 1738286 (5th Cir. 2006) (unpublished per curiam) (extends *Polk County v. Dodson*, 454 U.S. 312, 325, 102 (1981) to a *Bivens* action against court appointed counsel). As such, the conduct of defendants Clemons and White in representing plaintiff is not cognizable under *Bivens*. Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319 (1989).

### *Conclusion and Recommendation*

Based on the foregoing,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an

aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

THUS DONE this 4th day of March, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

Case 2:12-cv-01304-JTT-KK Document 11 Filed 03/04/13 Page 5 of 5 PageID #: 48